[Nos. 20839, 21024, 21040.   Department Two.   February 1, 1928.]

Katherine La Gue, *Respondent,* v. George H. La Gue, *Appellant.*

Katherine La Gue, *Respondent,* v. George H. La Gue, *Appellant.*

Katherine La Gue, *Respondent,* v. George H. La Gue, *Appellant.*[1]

[1] Divorce (80)—Division of Property. Upon granting a divorce to a wife, with two small children, a division of property, $15,000 to the husband, and $5,000 to the wife, with alimony, will not be set aside on appeal where it appears to be fair.

[2] Same (106)—Support of Children—Allowance to Wife. In such a case, alimony in the sum of $80 a month until the oldest child is twenty-one, will not be modified on appeal where it appears necessary for the needs of the wife and children.

[3] Same (88) — Enforcement of Order for Support — Defense to Contempt Proceedings. Judgments of contempt for failing to pay alimony will not be disturbed on appeal where it appears that the defendant had unincumbered real and personal property which he could have mortgaged to raise the payments.

Appeals from judgment and orders of the superior court for Thurston county, Card, J., entered May 19, 1927, and December 8, 1927, in consolidated actions for divorce and alimony and in contempt proceedings for failure to pay alimony. Affirmed.

*P. C. Kibbe,* for appellant.

*Thos. L. O'Leary,* for respondent.

Askren, J.—The parties to this action were married in 1920. To them were born three children, two of whom are living, and at the time of the divorce action which gave rise to this appeal were of the ages five and three years. The defendant husband was pos-

[1]Reported in 263 Pac. 600.

sessed of considerable separate property at the time of the marriage, totaling $18,000, and the wife of approximately $350. After marriage the husband worked approximately fourteen months. He then built an apartment house and both parties at times looked after it. The marriage was a failure, for constant trouble took place between them, culminating in a divorce action brought by and granted to the husband on the ground of extravagance. Later this action was set aside on the ground of fraud. No appeal was taken therefrom. The wife then brought this action setting up many grounds for divorce, including cruelty, fraud in the prior action, and others requiring no detailed mention.

The husband filed an answer denying the charges against him laid in the complaint and asked that a divorce be awarded to him. After a full trial upon the merits, the court granted the wife a divorce, gave her custody of the children and awarded a property settlement, with support money. This appeal followed.

While the appeal was pending, the appellant was cited for contempt for failure to pay the support money ordered by the court. After hearing, the court found the appellant guilty of contempt. The contempt judgment was superseded by giving bond and appeal. A little later, he was cited again for contempt for failure to pay support money and costs on appeal, and upon being adjudged to be in contempt again superseded the order by bond and appeal.

All the matters were consolidated for hearing, and since they are inextricably bound up in each other, we shall dispose of them in a single opinion.

It is first claimed that error was committed in granting the respondent a divorce from appellant. By his answer and cross-complaint, it was admitted that it

was impossible for the parties to longer live together, the evidence supported this view, and the question then arises—which party was entitled to the decree?

There can be no question that the record in the case justified a decree to the wife, if the court believed the evidence offered in her behalf. There was, it is true, a sharp conflict in the evidence, each placing the blame upon the other, but a perusal of the evidence indicates that the court followed the preponderance of the evidence. Its great advantage in seeing and hearing the witnesses, unusually beneficial in divorce cases, leads us to the conclusion that the court made no error in the matter. Appellant stresses portions of the testimony, but we think it will not be helpful to set it out, as it will serve as no guide in other cases and the detail of domestic infelicity is neither interesting nor instructive.

[1] Appellant's main argument seems to be devoted to the property settlement and support money. The court found that the value of all of the property was about $20,000. It consisted of the apartment house with a small building adjoining, furniture, a house on Sixth street, a boat and a Buick sedan. The home on Sixth street was worth about $2,500, and the court awarded this to the wife, together with $2,500 in cash and eighty dollars monthly support money for the children until the elder was twenty-one years of age, and then it was to be reduced to fifty dollars per month. The wife was also awarded furniture for the home. Roughly speaking, the property was divided $5,000 to respondent, and $15,000 to appellant. While it is true that nearly all of the property was separate property of the husband at the time of the marriage, yet, in view of the conditions of the parties, the division was well within the discretion of the trial court. The appellant suffered some years ago from gas poisoning and is

unable to do his regular work as a mechanic. He is able, however, to do, and does do, light work in connection with the running of the apartment house. The respondent must maintain a home for the care of the two children. From the award of $2,500 in cash, she was required by the court to pay an attorney fee of $275. Apparently neither of the parties has earning capacity by their own labor to enhance their financial condition to any appreciable extent. We conclude that the division was fair.

[2] It is contended also that the allowance of support money in the sum of eighty dollars per month was' too high. There was testimony showing that appellant's personal expenses ran from seventy dollars to ninety dollars per month, and we think it follows that a like amount for the wife and two children is not at all larger than their actual needs. However, appellant insists that his income does not justify the payment of that amount, and to comply with the decree is to become financially involved. In support of this, he offered evidence to establish the net income from the apartment house. It must be admitted that the figures he submitted to the court indicated that the apartment, at times, hardly paid expenses, due to a considerable number of vacancies and other causes. This is not a controlling factor, however, in such an inquiry. Appellant is confronted by the naked fact that he has two minor children who must be cared for and educated, even though his property should suffer a loss every year. If there is no income, he must invade the principal to clothe and feed his children; just as he would to provide the same necessaries for himself. It may be that in time the principal will be lost through these invasions and should this happen the condition will then have to be met under all the circumstances as they are then disclosed.

We are of the opinion that the allowance was proper.

[3]  Turning to the contempt proceedings, we find that appellant's only excuse for failing to pay the amounts specified was the lack of income.  We think, however, that a reading of the record indicates an intention to avoid compliance with the orders.  The property awarded to appellant of over $15,000 value was clear of incumbrances.  He testified that he was unable to get a loan because the $2,500 awarded the wife was a lien on the apartment property.  Respondent in open court offered to sign any paper necessary to secure the funds.  The Buick automobile was worth approximately $1,000 and was free and clear.  Used by appellant solely as a pleasure vehicle, it would not have been difficult to sell or mortgage it to secure funds for the support of the children.  This he made no effort to do, but contented himself with paying about half of the monthly support upon the ground that his income did not warrant more.  We have heretofore shown that the support of the minor children stands upon no such precarious grounds.

We find no reversible error in the record, and conclude that the judgment in the divorce action, and in each of the contempt cases, should be and hereby is affirmed.

MACKINTOSH, C. J., MAIN, HOLCOMB, and FULLERTON, JJ., concur.